

# BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN
SAM KOOLAQ
ASHA SMITH
MATTHEW MELEWSKI

REF:
  862000.00001
WRITER'S DIRECT CONTACT:
ldroubi@blhny.com

September 25, 2025

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

  Re: *Rozario et al. v. The City of New York, et al.,* 1:25-cv-05203-DEH

Your Honor:

  Plaintiffs Notan Eva Rozario ("Eva"), as Administrator of the Estate of Win Rozario and in her personal capacity, and Utsho Rozario ("Utsho"), in his personal capacity, together with the Defendant, City of New York ("City") jointly write to provide the Court with the information requested in the Court's June 26, 2025 Order, as extended by the Court's August 8, 2025 Order.

1. **A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

**Plaintiff's Position:**

  Plaintiffs bring this case to seek redress for violations of their rights guaranteed by the United States Constitution and New York State law by Defendant City and Individual Defendants New York City Police Department ("NYPD") Officers Matthew Cianfrocco and Salvatore Alongi.

  This action arises from the death of 19-year-old Win Rozario on March 27, 2024 at the Rozario family's apartment. After learning about Mr. Rozario's mental health issues, the officers entered the apartment and encountered Mr. Rozario, as well as Utsho and Eva. During this encounter, Defendants Cianfrocco and Alongi tased Mr. Rozario repeatedly after Mr. Rozario picked up a pair of scissors, and shot Mr. Rozario five times in close range of his mother and brother. After the shooting, Defendant Officers separated Mr. Rozario from Eva and Utsho and questioned Plaintiffs in the police precinct before informing them that Mr. Rozario had died of his

BELDOCK LEVINE & HOFFMAN LLP

Honorable Dale E. Ho
September 25, 2025
Page 2

injuries. Plaintiffs were prevented from returning to their apartment for three days after the shooting. Plaintiffs bring this action under 42 U.S.C. § 1983 as well as the laws of New York State.

Plaintiffs contend that the major legal and factual issues most important to resolving this case are:

- The excessiveness of the force that the Defendants used in their deployment of the first taser, the second taser, the first gunshot, the second gunshot, the third gunshot, the fourth gunshot, and the fifth gunshot.
- The training that Defendants received on how to de-escalate situations involving individuals experiencing a mental health crisis.
- The identities of the officers who separated Eva and Utsho from Mr. Rozario, brought Eva and Utsho to the police precinct, and questioned Eva and Utsho separately.
- Whether Eva and Utsho felt free to leave the precinct or felt free to decline answering questions from NYPD officers.
- Whether the City of New York had policies, practices, and customs which were the moving force behind the death of Mr. Rozario and the violations of the rights of Eva and Utsho.

**Defendants' Position:**

Defendant believes that the critical issue in this case is the reasonableness of the force used by two officers who, called to a home to assist with a man alleged to be on drugs, were confronted, in a confined space, with a man who advanced towards them with a deadly weapon, who refused to respond to multiple verbal commands and tasers, putting the safety of other individuals in the home, and officers, at risk. Defendant City cannot defend itself in this action, or make representation decisions for the two individually named officers, without consulting with the individual officers about what they saw, heard, and believed during the critical minutes in the home before the shooting. For the reasons outlined in its motion to stay, see ECF ¶ 18, Defendant maintains that a stay of this action is necessary until the state AG, and investigating NYPD entities, have determined whether criminal or administrative charges will be brought. Thus, entering into a Case Management Plan at this time is premature.

2. **A brief explanation of why jurisdiction and venue lie in this Court.**

This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and over their state law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' claims arose in the Southern District of New York.

3. **A statement as to all existing deadlines, due dates, and/or cut-off dates.**

BELDOCK LEVINE & HOFFMAN LLP

Honorable Dale E. Ho
September 25, 2025
Page 3

      Defendants' Answer to Plaintiffs' complaint was due on September 23, 2025. Prior to this date, Defendants sought a stay of all proceedings, Dkt. No. 18, including a stay of the deadline to submit an Answer.

**4. A brief description of any outstanding motions.**

      Defendant's motion to stay all proceedings pending the conclusion of the IAB, FID, and OIS investigations is outstanding. (Dkt. No. 18.) Plaintiffs have filed their opposition to this motion. (Dkt. No. 20.)

**5. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

      No discovery has taken place, though Plaintiffs have provided the required authorizations at the request of the City.

**6. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

      The parties have not engaged in prior settlement discussions.

**7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

      The Plaintiffs could not consult with the City on the Case Management Plan ("CMP") because it is the City's position that a CMP is premature until the question of the stay is resolved.

      The issue of representation for Defendants Matthew Cianfrocco and Salvatore Alongi remains unresolved.

      Respectfully submitted,

| | |
|---|---|
| MURIEL GOODE-TRUFANTE | By: /s/ David B. Rankin |
| Corporation Counsel of the | David B. Rankin |
|  City of New York | Luna Droubi |
| *Attorney for Defendant* | Tala Alfoqaha* |
| 100 Church Street, Third Floor | BELDOCK LEVINE & HOFFMAN LLP |
| New York, New York 10007 | 99 Park Avenue, PH/26th Floor |
| (212) 356-2413 | New York, New York 10016 |
| jmclaren@law.nyc.gov | (212) 490-0400 |

3

BELDOCK LEVINE & HOFFMAN LLP

Honorable Dale E. Ho
September 25, 2025
Page 4

                              *Attorneys for Plaintiffs*
                                *\*Pending Admission*

By:   s/ Joanne M. McLaren
        Joanne M. McLaren
        Senior Counsel

cc:   *All Counsel of Record*

---

The Court is in receipt of the endorsed letter (ECF No. 21) and the parties' competing submissions regarding Defendants' request to stay all proceedings pending the resolution of criminal and disciplinary investigations (ECF Nos. 18, 20). Having considered carefully the parties' arguments, the Court **DENIES** the motion to stay all proceedings *sine die*.

In evaluating a motion to stay civil proceedings, courts consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). In assessing these factors, "the basic goal is to avoid prejudice." *Id.*

Here, the first factor, the private interests of the plaintiffs, weighs against a stay. "Discovery during the 'early stages of litigation' is material to any resolution of this case, in part to safeguard 'the memories of witnesses' and the preservation of documents." *Rodriguez v. City of New York*, No. 24 Civ. 06289, 2025 WL 458243, at *3 (E.D.N.Y. Feb. 11, 2025) (quoting *Capellan v. City of New York*, No. 20 Civ. 00867, 2020 WL 13904618, at *5 (E.D.N.Y. Sept. 17, 2020)). A stay of indefinite duration would undoubtedly prejudice Plaintiffs' interest in the expeditious resolution of this case.

Defendants argue that the second factor supports a stay for three principal reasons: first, the ongoing investigations into the individual defendants may affect the City's decision to represent them; second, until the investigations conclude, the parties will have limited access to relevant documents; and third, if any criminal charges are brought against the individual defendants, their testimony in this civil case might affect a hypothetical criminal trial. These interests do not justify a stay of all proceedings. As for the first justification, "the status of legal representation for the individual defendants does not weigh in favor of a stay" because the individual defendants "may retain counsel while the City determines whether its counsel will represent those defendants as well." *Rodriguez*, 2025 WL 458243, at *3. As for the second justification, limited access to documents does not support a stay of all discovery because "the parties may exchange initial disclosures, even if supplemental discovery may be necessary after the conclusion of the [] investigation[s]." *Id.* at *2. And as for the third, "the Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Here, the possibility of criminal charges, which at this point remains entirely hypothetical, does not support a stay.

Moreover, the interests of the Court, non-parties, and the public are best served by allowing proceedings to commence. "Adjudicating the merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in law enforcement." *Rodriguez*, 2025 WL 458243, at *3. The relevant factors therefore collectively weigh against a stay of all proceedings. Nevertheless, the Court recognizes that certain deadlines may need to be extended to accommodate the ongoing investigations. The initial conference previously set for October 2, 2025 is therefore **ADJOURNED**. By October 2, 2025, the parties shall submit a joint letter and proposed case management plan. The letter shall include a joint proposal (or competing proposals, including the basis therefor) for the initial conference and deadlines to answer. The Clerk of Court is respectfully directed to close the motion at ECF No. 18.

4

SO ORDERED.

Dale E. Ho, United States District Judge    Dated: September 26, 2025, New York, New York